IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVINO GRAHAM, | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-1831 |
| | : | |
| MICHELLE MORGAN, *et al,* | : | |
| Defendants. | : | |

**MEMORANDUM**

**BEETLESTONE, J.**                                                                                       **August 20, 2021**

Kevino Graham, a prisoner currently incarcerated at USP-Terre Haute, has filed an "Emergency Injunction"[1] in the nature of a *Bivens* action[2] against Michelle Morgan, an Assistant United States Attorney ("AUSA Morgan"), and "Mark" Garland,[3] the United States Attorney

---

[1] Although the pleading filed by Graham is labeled an "Emergency Injunction," because it was not captioned for his criminal proceeding in this District the Clerk of Court opened a civil action and assigned the case to the undersigned for review.

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[3] "Mark" Garland appears to be an incorrect version of Merrick Garland. While it is not clear why Graham named Garland as a Defendant in the caption of his "Emergency Injunction" – since he makes no factual allegations against Garland, Garland was not the Attorney General at the time Graham was prosecuted, and he fails to even mention him in the body of his pleading, it appears that he named Garland in his official capacity as Attorney General in the manner that a federal prisoner may name the Attorney General as a nominal respondent in a habeas matter. In a civil action under *Bivens*, however, federal officials may not be sued in their official capacities since such a claim "constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (per curiam); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Accordingly, the claims against Garland are in essence claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (per curiam) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the

1

General.  Graham also seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Graham leave to proceed *in forma pauperis* and dismiss this matter in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     FACTUAL ALLEGATIONS[4]

Graham avers that AUSA Morgan presented "falsified and perjured statements" during his grand jury hearing regarding his alleged abuse of children which resulted in him being "wrongfully indicted and unlawfully held in Federal custody." (ECF No. 1 at 5.)[5]  Specifically, Graham asserts that AUSA Morgan presented allegations to the grand jury that he had been involved in "sex-trafficking children" and "recording child pornography" when there was no evidence of such behavior.  (*Id.*)  Graham avers that the grand jury returned a "3-count indictment based off of false and perjured allegations of Graham recording 'child pornography' which was never lawfully attested to before or at trial." (*Id.* at 2.)  Graham avers that because of AUSA Morgan's actions, he has been characterized as a "child molester" and has "been forced to endure hardship of a person who committed crime against children" even though his criminal case did not involve children.  (*Id.* at 5.)  Graham also asserts that he never would have been prosecuted if it hadn't been for the statements of AUSA Morgan.  (*Id.*)

Graham's claims are predicated on a federal criminal proceeding presided over by the Honorable C. Darnell Jones, II.  According to the public docket, Graham was convicted of sex

---

United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States). Accordingly, in the attached Order, all claims against Garland will be dismissed with prejudice.

[4] The facts set forth in this Memorandum are taken from Graham's motion and the public docket for his underlying criminal proceeding.

[5] The Court adopts the pagination supplied by the CF/ECM docketing system.

trafficking by force, in violation of 18 U.S.C. § 1591, and aiding and abetting sex trafficking, in violation of 18 U.S.C. § 1594. *See United States v. Graham*, Crim. A. No. 14-CR-623-1 (E.D. Pa.). On December 17, 2017, Graham was sentenced to a term of 1200 months incarceration to be followed by a lifetime of supervised release. *See* 14-CR-623-1, ECF No. 429. Defendant Michelle Morgan is the Assistant United States Attorney assigned to Graham's criminal case.

Graham seeks the following relief: (1) removal of "all false and misleading information concerning the abuse of children" from his pre-sentence investigative report and prison files; (2) an order directing Defendants to submit all grand jury minutes and video to the Court for *in camera* review; (3) reclassification and for Defendants to "cease further unlawful housing" and "prevent further official oppression and unnecessary harm and harassment" to Graham; (4) an order directing the trial and sentencing court "to re-review the entire criminal case and Grand Jury hearing of the case;" and (5) an evidentiary hearing so that Graham can "prove past and current injuries as [a] result of these harmful and false allegations being submitted and presented to the Grand Jury." (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court grants Graham leave to proceed *in forma pauperis* since he appears unable to pay the filing fee.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss a Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains

---

[6] As Graham is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Graham is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Against AUSA Morgan

Graham avers that AUSA Morgan presented "falsified and perjured statements" during his grand jury hearing which resulted in him being "wrongfully indicted and unlawfully held in Federal custody." (ECF No. 1 at 5.) Based on these allegations and those contained in his motion seeking an emergency injunction, it is clear that Graham seeks to bring claims against AUSA Morgan based on her actions as the prosecutor in his criminal case.

Prosecutors are entitled to absolute immunity from liability in federal civil rights actions for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, No. 19-1066, 2020 WL 1921611, at *6 (3d Cir. Apr. 20, 2020). *See also Noble v. United States*, No. 20-2461, 2021 WL 1235471, at *3 (3d Cir. Apr. 1, 2021) (allegations that the AUSA presented "perjured testimony" and used "false and fabricated and unlawfully obtained evidence" to convince the grand jury to indict constituted acts that were "intimately associated with the judicial phase of the criminal process" entitling AUSA to absolute immunity). Although *Imbler* was a suit against a state prosecutor filed pursuant to 42 U.S.C. § 1983, the

United States Court of Appeals for the Third Circuit has held that public policy mandates that a similar immunity be extended to federal prosecutors in *Bivens* actions. *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976). Since Graham's claim against AUSA Morgan derives from the initiation of the prosecution against him, Morgan is entitled to absolute immunity. Accordingly, the claims against AUSA Morgan are dismissed with prejudice.

### B. Claims Against Garland

Graham names Garland, the United States Attorney General, as a Defendant but has failed to allege that he had any personal involvement in the alleged unconstitutional misconduct. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (stating that *respondeat superior* cannot form the basis of a *Bivens* claim). Here, although Graham names Garland in the caption of the Complaint, he does not raise any direct allegations against him. In other words, Graham has not explained what Garland did or did not do that allegedly violated his constitutional rights. Since Graham has not plausibly alleged how Garland violated his constitutional rights, the Court will dismiss the claims against him.

### C. Graham's Claims are *Heck*-barred

Although he asserts otherwise (*see* ECF No. 1 at 1), it appears that Graham has filed this action as a means to challenge his federal criminal conviction because he is alleging that AUSA Morgan's use of false statements to the grand jury led to the issuance of the indictment against him and his resulting conviction and incarceration. (*Id.* at 5.) In fact, as part of the relief requested, Graham seeks an evidentiary hearing and an order directing the trial and sentencing court "to re-review the entire criminal case and Grand Jury hearing." (*Id.* at 4.) Graham's claims, therefore, are best construed as a collateral attack on his conviction and sentence. *See*

5

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a "prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," although § 2241 may be used when the remedy provided by § 2255 is "inadequate or ineffective." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In other words, a § 2255 motion is the proper way to challenge a federal conviction, rather than a *Bivens* action. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("Okoro adhered steadfastly to his position that there were no drugs, that he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit, other than a suit under the habeas corpus statute or its federal-defendant equivalent, 28 U.S.C. § 2255."); *Beverly v. Reno*, 23 F.3d 158, 159 (7th Cir. 1994) (federal prisoner cannot circumvent § 2255 "by bringing an independent civil action"); *see generally Ziglar v. Abbasi*, 137 S. Ct. 1843, 1863 (2017) ("[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not.").

Furthermore, assuming a *Bivens* remedy exists in this context, the Supreme Court has held that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983

action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action"). "Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008).

Here, success on Graham's claims would necessarily undermine the validity of his intact conviction because his motion challenges the constitutionality of his prosecution, conviction, and related imprisonment. Accordingly, his claims for relief, assuming such relief is even available, are barred by *Heck*. *See Garrett v. United States*, 771 F. App'x 139, 141 (3d Cir. 2019) (per curiam) ("Here, because Garrett's claims directly challenged the validity of his federal conviction and sentence — which have not been invalidated — his complaint sought the sort of relief that is plainly barred by *Heck*." (internal quotations omitted)); *McDonough v. Smith*, 139 S. Ct. 2149, 2155-59 (2019) (finding that the principles and reasoning requiring favorable termination apply to a fabrication of evidence claim); *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) ("Ortiz's claims that the defendants fabricated and suppressed evidence are barred by Heck because success on those claims would necessarily imply the invalidity of her conviction."); *Humphries v. Houghton*, 442 F. App'x 626, 629 (3d Cir. 2011) (*per curiam*) ("Humphries' claims that defendants used perjury and false evidence to secure his federal conviction are not cognizable under *Heck's* favorable termination rule."); *Murphy v. Bloom*, 443 F. App'x 668, 669 (3d Cir. 2011) (*per curiam*) (holding that *Heck* barred *Bivens* claims where plaintiff "alleged that the defendants conspired to alter his trial transcript and to

include a false declaration in his sentencing memorandum"); *Stuler v. United States*, 301 F. App'x 104, 106 (3d Cir. 2008) (*per curiam*) (*Heck* applied in *Bivens* action in which the bulk of plaintiff's complaint was "little more than a thinly veiled attempt to attack his criminal conviction . . . under the guise of a civil action"). Graham's convictions remain intact and have not thus far been invalidated, and he has, therefore, failed to allege a cognizable basis for a *Bivens* claim. Accordingly, such claims will be dismissed without prejudice to Graham filing a new case only in the event his convictions are first invalidated, whether on appeal or otherwise.

## IV.   CONCLUSION

For the reasons stated, the Court will grant Graham leave to proceed *in forma pauperis* and dismiss this matter in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Graham's claims against Defendant AUSA Morgan, based on her actions as a prosecutor in Graham's criminal case, are dismissed with prejudice. His claims against Defendant Garland are also dismissed with prejudice. The matter is dismissed as barred by *Heck* without prejudice to Graham reasserting his claims in a motion pursuant to 28 U.S.C. § 2255, or in a new civil action in the event his conviction is ever reversed, vacated, or otherwise invalidated.

An appropriate order follows.

**BY THE COURT:**

**/s/ Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**