### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVINO GRAHAM,** : | |
|     Plaintiff, : | |
| : | |
| V. : | **CIVIL ACTION NO. 21-CV-1831** |
| : | |
| **MICHELLE MORGAN,** *et al,* : | |
|     Defendants. : | |

### **ORDER**

AND NOW, this 20th day of August, 2021, upon consideration of Plaintiff Kevino Graham's Motions to Proceed *In Forma Pauperis* (ECF Nos. 7, 9), Prisoner Trust Fund Account Statements (ECF Nos. 8, 10), and Emergency Injunction (ECF No. 1), which the Court has deemed to constitute a Complaint in a civil action, it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Kevino Graham, #71796-066, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of USP Terre Haute or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Graham's inmate account; or (b) the average monthly balance in Graham's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Graham's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Graham's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of USP Terre Haute.

4. Graham's Emergency Injunction is **DENIED** for the reasons set forth in the Court's Memorandum.

5. For the reasons discussed in the Court's Memorandum, Graham's claims against Defendants Michelle Morgan and "Mark" Garland[1] are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. Graham's remaining claims, which have been construed as a collateral attack on his conviction and sentence, are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to Graham filing a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in his criminal case, and without prejudice to Graham reasserting his claims for declaratory relief in a new civil action only in the event his underlying conviction is reversed, vacated, or otherwise invalidated. Graham is not given leave to file an amended complaint in this case.

7. The Clerk of Court is **DIRECTED** to close this case.

**BY THE COURT:**

/s/ Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**

---

[1] "Mark" Garland appears to be an incorrect version of Merrick Garland.